UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lynne Loescher, | No. 2:19-CV-1984-KJM-KJN |
| Plaintiff, | ORDER |
| v. | |
| County of Plumas, et al., | |
| Defendants. | |

Plaintiff Lynne Loescher sues defendants County of Plumas, Sheriff Greg Hagwood, and Officer Macloud Luntey for alleged constitutional violations arising from Officer Luntey's arrest of plaintiff. The County and Sheriff Hagwood move to dismiss Loescher's second amended complaint. For the reasons below, the court **grants the motion to dismiss**.

**I.    BACKGROUND**

One night in August of 2018, Loescher was driving when she was pulled over by California Highway Patrol (CHP) Officer Macloud Luntey around midnight. Second Am. Compl. (SAC) ¶ 7, ECF No. 35. Officer Luntey asked Loescher if she "was following the vehicle in front of her." *Id*. She told Officer Luntey she was following the car in front of her, which her husband was driving. *Id*. Officer Luntey said he was "after" the car that was in front of Loescher but decided to pull Loescher over because she was "driving a 'little iffy.'" *Id*. Officer Luntey then ordered Loescher to blow into a Preliminary Alcohol Screening (PAS) device. *Id.* The test

1

resulted in a reading "below the presumptive level of intoxication." *Id*. Officer Luntey took Loescher into custody, and once at the police station Loescher took another breathalyzer test, which resulted in an even lower reading. *Id*. ¶¶ 7 & 8.

"At the direction of Officer Luntey, plaintiff was booked on 'open' charges." *Id*. ¶ 9. As part of the booking process, Sheriff's Department staff fingerprinted and photographed plaintiff. *Id*. Loescher spent the night in a holding cell at Plumas County Jail. *Id*. ¶ 12. The cell "was covered with urine and feces," it "contained unusable facilities" and "lacked toilet paper." *Id*. ¶ 10. A "disgusting odor of urine and feces" emanated from the floor. *Id*. Despite her demands, plaintiff was not brought before a magistrate judge, notified of the charges against her or allowed to post bail. *Id*. Loescher was released after eight hours with an order to appear in court. *Id*. ¶ 11. She was never charged. *Id.* ¶ 12.

Loescher filed this suit on September 30, 2019. Compl., ECF No. 1. She amended her complaint following a stipulation with the defendants. Stip., ECF No. 10; First Am. Compl. (FAC), ECF No. 13. The court dismissed the complaint as to the County and Sheriff Hagwood. Prev. Mot. to Dismiss (Jan. 31, 2020), ECF No. 16; Prev. Order (Sept. 21, 2020), ECF No. 32. In her second amended complaint, Loescher names as defendants the County of Plumas, Sheriff Hagwood, Officer Luntey, and Does 1–50.[1] Loescher sues under 42 U.S.C. § 1983. In her first claim, Loescher alleges that, as relevant here, Hagwood's actions constituted 1) unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments; 2) cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments; and 3) deprivation of due process and equal protection in violation of the Fourteenth Amendment. SAC ¶ 13.[2] In

/////

---

[1] If defendants' identities are unknown when the complaint is filed, plaintiff has an opportunity through discovery to identify them. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). But the court will dismiss such unnamed defendants if discovery clearly would not uncover their identities or if the complaint would clearly be dismissed on other grounds. *Id*. The federal rules also provide for dismissing unnamed defendants that, absent good cause, are not served within ninety days of the complaint. *See* Fed. R. Civ. P. 4(m).

[2] To the extent Loescher submits a claim under the Sixth Amendment, *see* SAC ¶ A, it is dismissed, as this court previously dismissed her Sixth Amendment claim without leave to amend, Prev. Order at 10.

Loescher's second claim, she alleges the County is liable for the above deprivations under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978).

The County and Sheriff Hagwood move to dismiss the instant claims against them.  Mot., ECF No. 39; Mem. P. & A., ECF No. 39-1.  Plaintiff opposes.  Opp'n, ECF No. 41.  The County and Sheriff Hagwood have replied, Reply, ECF No. 42, and the court submitted the matter on the papers, Min. Order, ECF No. 43.

## II.    JUDICIAL NOTICE

In her second amended complaint, Loescher incorporates by reference a consent decree and an amendment of the decree entered in the case of *Pederson, et al. v. The County of Plumas, et al.*, 2:89-1659 (E.D. Cal. filed Dec. 4, 1989).[3]  *See* Consent Decree, SAC Ex. A, ECF No. 35-1; April 1, 2013 Amendment, SAC Ex. B, ECF No. 35-2.  Defendants also request judicial notice of two joint status reports filed in *Pederson* involving plaintiff's counsel in that case inspecting the jail to determine compliance with the consent decree.  Request for Judicial Notice, ECF No. 42-1 (attaching Joint Status Reports, filed on June 19, 2015 and October 9, 2018).  A court's consideration of documents attached to a complaint or incorporated by reference subject to judicial notice does not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  Each of these documents is a matter of public record "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (The court "may take judicial notice of court filings and other matters of public record.").  Accordingly, the court takes judicial notice of the consent decree, the amendment, and both status reports.

---

[3] *Pederson*, is "an action pertaining to the conditions in the Plumas County Jail." Consent Decree at 1.  Plaintiff brought the matter as a class action with a class of "all present and future prisoners incarcerated in the Plumas County Jail." *Id.*  The Consent Decree is still the subject of ongoing enforcement before the assigned judge.  It is unlikely Loescher is part of the *Pederson* class as she was only a detainee, not an incarcerated prisoner.

### III. LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations elements do not alone suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679.

### IV. ANALYSIS

#### A. Sheriff Hagwood (Claim 1)

Sheriff Hagwood is named in the operative complaint in his individual capacity.[4] In response to defendants' motion, Loescher explains she "inadvertently re-introduced Sheriff Greg Hagwood as a defendant" and withdraws naming him as a defendant. Opp'n at 2. The court therefore dismisses the claim against Sheriff Hagwood, without leave to amend. The operative complaint is once again "devoid of factual allegations that Sheriff Hagwood was personally involved in, knew of or refused to interject himself in the actions of his subordinate officers in a way that caused the infringement of plaintiff's constitutional rights." Prev. Order at 11

/////

---

[4] The court previously dismissed, without leave to amend, claims against Sherriff Hagwood in his official capacity. *See* Prev. Order at 14.

(establishing standard for naming the Sheriff in his individual and supervisory capacity); *see generally* SAC.

### B.      The County (Claim 2)

Municipal governments can be liable for "their own illegal acts" under § 1983 and *Monell, supra*. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis omitted). Ultimately, to establish municipal liability under *Monell*, a plaintiff must prove: "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)). The Ninth Circuit recognizes four types of policies as cognizable under *Monell*: (1) an express official policy; (2) ratification by a final policymaker, (3) a failure to train, supervise, or discipline; or (4) a pervasive custom or practice. *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019). With these standards in mind, the court addresses each of plaintiff's *Monell* claims against the County below.

#### 1.      Fourth and Fourteenth Amendment Search and Seizure

The court previously dismissed Loescher's Fourth and Fourteenth Amendment claim regarding search and seizure against the County noting "[h]er complaint contains a single, conclusory sentence referencing the 'unconstitutional custom, policy or practice'" she alleges makes the County potentially liable. Prev. Order at 7–8. Given the chance to amend, Loescher has simply included the exact same conclusory sentence. *See* SAC ¶ 11 ("Pursuant to the custom, policy and practice of Defendant County of Plumas, Plaintiff was not released from custody once it was determined she was not under the influence but was jailed for eight hours before being released from custody."); *compare* FAC ¶ 11 (same). Loescher has not alleged any "other instances of similar unconstitutional actions, any County policies mandating unlawful searches and detention, or any evidence of the County's failure to investigate or discipline anyone in the face of similar allegations." Prev. Order at 8. "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant,

5

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *See Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The court dismisses the Fourth Amendment claim against the County, this time without leave to amend.

### 2. Fourteenth Amendment Equal Protection[5]

The court previously dismissed Loescher's Fourteenth Amendment claim against the County because she advanced nothing but a conclusory allegation that defendants booked and held Loescher for eight hours under a "custom, policy and practice of defendant County of Plumas." Prev. Order at 9 (quoting FAC ¶ 11). As with her Fourth Amendment claim, Loescher does not include any factual allegations pleading that an actual custom or policy exists. *See generally* SAC. Additionally, Loescher does not allege she was treated differently than other similarly situated individuals or that "the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class," as is necessary for an equal protection claim. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998), *cert. denied*, 525 U.S. 1154 (1999)). The court dismisses the equal protection claim against the County, without leave to amend. *See Sonoma Cnty.*, 708 F.3d at 1117.

### 3. Eighth and Fourteenth Amendment Due Process

Loescher claims the conditions of confinement amount to cruel and unusual punishment under the Eighth and Fourteenth Amendment and violates her due process rights. SAC ¶ 16. "Claims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)). Because Loescher was a detainee and not a convicted prisoner, her claim against the County under the Eighth Amendment is dismissed without leave to amend. However, "[b]ecause pretrial detainees' rights under the Fourteenth

---

[5] While this claim also uses the words "due process" it does not appear plaintiff is actually asserting due process in connection with the allegations addressed here.

Amendment are comparable to prisoners' rights under the Eighth Amendment, [. . . the court] appl[ies] the same standards." *Frost*, 152 F.3d at 1128 (citation omitted).

In attempting to establish a policy or custom regarding the cleanliness of the county jail, Loescher asserts, Sheriff "Hagwood has publicly stated the jail facility wasn't designed for women." Additionally, Loescher relies on the consent decree from 1988 in *Pederson, et al. v. The County of Plumas, et al*. Loescher claims the consent decree is a result of the County "subjecting prisoners to inhume conditions, . . . as well as inadequate . . cleanliness." SAC ¶ 15.

In pleading a *Monell* claim concerning the conditions of the county jail, Loescher does not assert there is an express policy to keep the cells unsanitary, *Monell*, 436 U.S. at 690, that an official with "final policymaking authority" decided the cells should be unsanitary, *McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 785 (1997) (citation omitted), or that "authorized policymakers" approved or ratified a subordinate's decision to keep the cells unsanitary, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). Thus, the only avenue left for her to establish a policy or practice is with a "custom or practice," which typically must be shown with more than one or just a few "isolated or sporadic incidents." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). A practice or custom must have "sufficient duration, frequency and consistency" that it has "become a traditional method of carrying out policy." *Id*. A "policy" of this type can be a "policy of inaction." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citation omitted).

Loescher appears to rely on the consent decree in *Pederson* in attempting to plead a practice or custom. *See* SAC ¶ 16. The consent decree provides that it is not an admission by defendants "to any violations of or failure to comply with applicable laws, rules, or regulations, nor . . . any violation of constitutional standards." Consent Decree at 4. The consent decree addresses a variety of subjects related to the conditions at the Plumas County jail. *See id*. at 6–10. In claiming the consent decree relates to her claims, Loescher points out that the decree states "[a]ll housing units shall be kept clean . . . and plumbing facilities will be maintained in working order, with replacements and repairs undertaken as necessary." *Id*. at 13. The County argues "[t]he existence of the consent decree, however, does not support *Monell* liability against the County." Reply at 3. The County also points out that the Joint Status Reports contain "no

7

mention of any existing sanitation/cleanliness issues at the Plumas County Jail." *Id*. at 3–4. The County claims the Joint Status Reports show the consent decree did not address any sanitation issue because when the jail was inspected by the *Pederson* plaintiff's counsel just a few days before Loescher's arrest, counsel did not note any sanitation issues. *See* Joint Status Report (October 15, 2018) at 1, Req. for Judicial Notice, ECF No. 42-1 ("Plaintiffs' Counsel Lori Rifkin and Paul Comiskey conducted an in-person inspection of the Plumas County Jail ("Jail") on August 27, 2018. Plaintiff's Counsel observed progress by the Jail and did not observe violations of the Consent Decree during this inspection, though Plaintiffs' Counsel did note several concerns" unrelated to sanitation.).

The court finds Loescher has not sufficiently plead a *Monell* claim as the operative complaint does not include plausible allegations showing the state of the jail on the night of her arrest represented more than an isolated incident. Although the report of the August 2018 inspection may establish the County's compliance on that day, the court is not convinced the report forecloses the possibility of Loescher's ability to plead a *Monell* claim, whether or not she is expressly covered by the Consent Decree. *See* note 3 *supra*. As evident from the County's own filing, it may not have always been in perfect compliance in recent years. *See* Joint Status Report (June 25, 2015) at 2, Req. for Judicial Notice, ECF No. 42-1 (noting "the County [was] out of compliance with the Decree on at least five of its requirements: inmate population levels, staffing, access to a law library, the provision of mental healthcare, and allotments for exercise.").

Because Loescher may yet be able to plead a custom or practice exists, the court dismisses her Fourteenth Amendment due process claim against the County with leave to amend.

## V.   CONCLUSION

The court **grants the motion to dismiss** (ECF No. 39).

The court **dismisses without leave to amend** all claims against Sheriff Hagwood, as well as the unreasonable search and seizure, equal protection, and cruel and unusual punishment claims against the County.

The court **dismisses with leave to amend** the due process claim against the County.

/////

         Any amended complaint shall be filed within 21 days and may include the claims against Luntey in the second amended complaint as those are not the subject of the motion to dismiss. Should plaintiff not file an amended complaint, the case will proceed on the operative complaint against Luntey only.

         This order resolves ECF No. 39.

         IT IS SO ORDERED.

DATED:  January 13, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE